**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARY H. KNUTSON<br>1826 13TH STREET, N.W #3<br>WASHINGTON, DC 20009<br><br>RONNIE C. DONA<br>101 COLEMAN PARK LANE<br>ROCKVILLE, MD 20850<br><br>v.<br><br>VOORTHUIS OPTICIANS INC. and<br>ALBERT VOORTHUIS, Individually<br>3301 NEW MEXICO AVENUE<br>WASHINGTON, D.C. 20016 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **FAIR LABOR STANDARDS ACT**<br>)<br>)<br>)  DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs Gary H. Knutson ("Knutson") and Ronnie C. Dona allege by their attorney, Denise M. Clark, as follows:

**NATURE OF ACTION**

1. This is a challenge to Defendants', Voorthuis Opticians, Inc., ("Voorthuis") and Albert Voorthuis, (collectively "Defendants"), unlawful practice of failing to pay time-and-a-half for the overtime work of its employees.

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C.§§ 201 *et seq* ("FLSA"), Plaintiffs allege that they are (1) entitled to unpaid overtime wages from Defendant for work beyond forty hours per week; (2) entitled to liquidated damages equal to Plaintiffs' unpaid overtime wages under the FLSA, and; (3) all other statutory remedies appropriate for this action.

3. Pursuant to Washington D.C. Wage Payment and Collection Act, D.C. Code § 32-1303, Plaintiffs allege that they are (1) entitled to unpaid wages withheld by Defendant for various weeks during their work history; (2) entitled to liquidated damages of ten percent (10%) of the unpaid wages and per working day after the day that wages were due, and; (3) all other statutory remedies appropriate for this action.

4. This Complaint is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Plaintiffs and all other persons who are or have been employed by Defendant as sales persons, opticians, or other non-exempt positions for up to three years prior to the date this suit was commenced.

5. The members of the class are similarly situated because they all perform the same or similar job duties and are all subject to Defendants' common policies and practices of violating employees' protections of under FLSA, District of Columbia Minimum Wage Revision Act, and D.C. Wage Payment and Wage Collection Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and supplemental jurisdiction over Plaintiffs' D.C. Wage Payment claims pursuant to 28 U.S.C. §1367. Additionally, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b).

7. Venue is proper in the U.S. District Court in the District of Columbia pursuant to 28 U.S.C. §1391(a).

## PARTIES

8. Plaintiff, Knutson, is a natural person and resident of Washington, D.C.

9. Plaintiff, Dona, is a natural person and resident of Washington, D.C.

10. On information and belief, Voorthuis is a Washington, D.C. corporation, with its principal place of business in Washington, D.C., located at Foxhall Square, 3301 New Mexico Avenue, Washington, D.C. 20016.

11. On information, Defendant Albert Voorthuis is the owner and officer of Voorthuis Opticians, Inc. During all times that this complaint addresses, Albert Voorthuis was responsible for determining the payroll practices of Voorthuis, including whether overtime wages would be paid.

12. Defendants were made aware of the violations of the FLSA by one or more Plaintiffs, and ignored the request that overtime be paid.

13. Defendants willfully committed the violations of law alleged herein.

14. Voorthuis maintains six additional locations in Washington, D.C., Maryland, and Virginia, and Defendants are engaged in interstate commerce.

15. Plaintiffs are employed at different locations Voorthuis maintains in the District of Columbia.

16. At all times material to this action, Plaintiff opticians filled customer orders for lenses pursuant to the prescriptions written by customers' ophthalmologists.

17. At all times material to this action Plaintiff sales opticians carried out sales responsibilities by consulting with customers regarding frames for their glasses. Plaintiff opticians are not medical professionals, but retail sales persons.

18. Defendant Voorthuis is, and at all times material to this action, was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

19. At all times relevant to this action, Plaintiffs did not perform any work that was of a bona fide executive, administrative or professional nature, or that would otherwise exempt them for the application of the Fair Labor Standards Act or the District of Columbia Wage Payment and Wage Collection Act.

20. This action is a collective action pursuant to the statutory requirements of the FLSA, 29 U.S.C. 216(b); and The District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1308(a).  Plaintiffs consent to the commencement of this action on behalf of themselves and other similarly situated employees.

### FACTUAL ALLEGATIONS
### (Overtime Pay)

21. Plaintiffs consistently worked more than forty hours per week.

22. Plaintiffs were not paid time-and-a-half overtime compensation for their hours worked in excess of forty hours per work week.

23. Defendants paid Plaintiffs bi-weekly via a payroll check or direct deposit.

24. At all times relevant to this action Defendants have maintained a time-card system whereby, employees clock hours through a computer system at the worksite.  Plaintiff Knutson's time sheet for the time period May 5, 2008 to May 18, 2008, generated from this time-card system, is attached at Exhibit A.

25. At all times relevant to this action Defendant has maintained a centralized payroll operation under ADP, Inc.

26. Defendants directed ADP, Inc. not to report hours in excess of 40 on any employees' bi-weekly paystub, and not to pay any employee time-and-a-half compensation for hours worked beyond forty hours a week. Plaintiff Knutson's pay stub for the time period May

5, 2008 to May 18, 2008, issued by ADP, and reflecting fewer hours worked than on Plaintiff Knutson's time sheet, is attached at Exhibit B.

27. For the entire duration of their employment, Plaintiffs have not received compensation for hours worked beyond forty hours a week.

28. Some Plaintiffs remain employed by the Defendants.

29. Those Plaintiffs who remain employed by Defendants still are not compensated overtime hours.

30. During all times covered by this complaint, Defendants knew that the Plaintiffs were not exempt from entitled overtime wages.

31. During all times covered this complaint, Defendants knew that overtime wages were due, and failed to pay Plaintiffs for the overtime hours they worked.

32. Pursuant to 29 U.S.C. §§ 207(a), 216(b), Defendants are liable to Plaintiffs for the full amount of all unpaid overtime wages, an additional amount of liquidated damages, and attorney's fees.

## COLLECTIVE ACTION ALLEGATIONS

33. All members of the class were paid in the same or similar manner and under the same standard employment procedures and practices established by Defendants.

34. All members of the class, like the Plaintiffs, were subject to the same unlawful policy to exempt them from the overtime provisions of the FLSA and the District of Columbia Minimum Wage Revision Act.

35. All members of the class, like Plaintiffs, were subject to the same overtime pay violations by Defendants

36. During the class period, the Defendants knew that the members of the class were not exempt from overtime provisions of the FLSA.

37. During the class period, the Defendants knew that they were required to record time and properly calculate wages, but engaged in misreporting hours worked for payroll purposes.

38. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to the Plaintiffs and members of the class for the full amount of all of their unpaid wages, their unpaid overtime wages, plus an additional amount of liquidated damages, plus the attorney's fees and costs of the members of the class.

39. Plaintiffs are currently unaware of the identities of all members of the class. Accordingly, Defendant should be required to provide a list of all persons employed by Defendant, stating their last known addresses and telephone numbers, so that Plaintiffs can give notice of the pendency of this action.

## FIRST CLAIM FOR RELIEF FAIR LABOR STANDARDS ACT
### (Overtime Violations)

40. Plaintiffs allege and incorporate by reference all of the above allegations.

41. Under the FLSA, Plaintiffs are entitled to overtime compensation from the Defendant for one-and-one-half times per regular rate of hourly pay for hours worked in excess of forty hours per week. By the above course of conduct the Defendants have violated the FLSA.

42. Defendants' failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime when Defendants knew, or should have known, that such was due.

43. Defendants had and continue to have a policy against paying overtime for hours worked in excess of 40 hours per workweek, and have failed to pay the required overtime.

44. Defendants have failed to properly inform Plaintiffs of their rights under the FLSA.

45. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).


**SECOND CLAIM FOR RELIEF**
**RETALIATION UNDER FLSA**
**(Gary H. Knutson)**

46. Plaintiff Knutson alleges and incorporates by reference all of the above allegations

47. Plaintiff Knutson performed his job in a satisfactory manner, meeting Defendants' legitimate business expectations during his tenure.  He never had a poor performance evaluation during his tenure, and was promoted to Manager at one of Defendants' locations in Washington, D.C. on or about March 16, 2009.

48. On or about March 31, 2009, Plaintiff Knutson was demoted by Albert Voorthuis. Knutson was told that the demotion resulted from a customer complaint, which Knutson had never heard about.

49. Upon further inquiry, Knutson learned that Albert Voorthuis demoted Knutson after learning from various employees that Knutson had challenged Defendants' failure to pay overtime with John Morley, Vice-President, responsible for payroll and benefits; had advised other employees of the FLSA violations; and, had consulted legal counsel about his rights to sue for unpaid overtime.

50. Plaintiff Knutson was told to report to an individual he had been promoted over, effectively forcing Knutson's resignation.

51. Pursuant to 29 U.S.C. §§ 207(a), 216(b), Defendants are liable to Plaintiffs for the full amount of all unpaid overtime wages, an additional amount of liquidated damages, and attorney's fees.

52. Pursuant to 29 U.S.C. §215(a)(3), Defendants are liable to Plaintiff Knutson for back-pay resulting from his wrongful demotion and constructive discharge and punitive damages resulting from Defendants' retaliatory conduct.

## THIRD CLAIM FOR RELIEF
## D.C. WAGE PAYMENT AND WAGE COLLECTION ACT

53. Plaintiffs allege and incorporate by reference all of the above allegations.

54. Under the D.C. Wage Payment and Wage Collection Act, every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer; provided, however, that an interval of not more than 10 working days may elapse between the end of the pay period covered and the regular payday designated by the employer. *See* D.C. Code §32-1302.

55. Due to Defendants' D.C. Wage Payment and Wage Collection Law violation, Plaintiffs are entitled to their hourly overtime compensation and liquidated damages in an equal amount pursuant to D.C. Code 32-1308(a).

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:

56. Award Plaintiff the following compensatory damages:
   a. Unpaid overtime compensation due under the FLSA;
   b. Unpaid overtime compensation due under the D.C. Wage Payment and Wage Collection Act;

57. Award Plaintiff the following liquidated damages:

   a. Liquidated damages equal to their unpaid overtime hours under the FLSA;
   b. Liquidated damages under the D.C. Wage Payment and Wage
   c. Collection law of ten percent (10%) of the unpaid wages per working day after the day that wages were due.

58. Award Plaintiff prejudgment interest;

59. Award Plaintiffs punitive damages for willful violations;

60. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

61. Award such other relief as this Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 18, 2009

Respectfully submitted,

Denise M. Clark (420480)
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W., Ste, 200
Washington, D.C. 20036
(202) 293-0015
www.benefitcounsel.com

# EXHIBIT A

**Period Beginning:   1/1/2008**                **Period Ending:      10/8/2008**

**Week of:   05/04/08**

| DATE | IN1 | OUT1 | STN | IN2 | OUT2 | STN | IN3 | OUT3 | STN | IN4 | OUT4 | STN | TOTAL |
|------|-----|------|-----|-----|------|-----|-----|------|-----|-----|------|-----|-------|
| 05/06/08 | 8:55 | 17:38 | M | | | | | | | | | | 08:43 |
| 05/07/08 | 8:50 | 18:28 | M | | | | | | | | | | 09:38 |
| 05/08/08 | 8:56 | 17:50 | M | | | | | | | | | | 08:54 |
| 05/09/08 | 8:55 | 18:14 | M | | | | | | | | | | 09:19 |
| 05/10/08 | 9:45 | 17:07 | M | | | | | | | | | | 07:22 |

**Subtotal Week of:   05/04/08**

| | |
|---|---|
| Total: | 43:56 |
| Regular: | 40:00 |
| Overtime: | 03:56 |

**Week of:   05/11/08**

| DATE | IN1 | OUT1 | STN | IN2 | OUT2 | STN | IN3 | OUT3 | STN | IN4 | OUT4 | STN | TOTAL |
|------|-----|------|-----|-----|------|-----|-----|------|-----|-----|------|-----|-------|
| 05/12/08 | 8:56 | 17:33 | M | | | | | | | | | | 08:37 |
| 05/13/08 | 8:53 | 18:15 | M | | | | | | | | | | 09:22 |
| 05/14/08 | 8:52 | 18:05 | M | | | | | | | | | | 09:13 |
| 05/15/08 | 8:47 | 17:29 | M | | | | | | | | | | 08:42 |
| 05/16/08 | 8:54 | 16:04 | M | | | | | | | | | | 07:10 |

**Subtotal Week of:   05/11/08**

| | |
|---|---|
| Total: | 43:04 |
| Regular: | 40:00 |
| Overtime: | 03:04 |

**Week of:   05/18/08**

| DATE | IN1 | OUT1 | STN | IN2 | OUT2 | STN | IN3 | OUT3 | STN | IN4 | OUT4 | STN | TOTAL |
|------|-----|------|-----|-----|------|-----|-----|------|-----|-----|------|-----|-------|
| 05/19/08 | 8:52 | 17:41 | N | | | | | | | | | | 08:49 |
| 05/20/08 | 8:52 | 17:29 | N | | | | | | | | | | 08:37 |
| 05/21/08 | 8:50 | 18:17 | M | | | | | | | | | | 09:27 |
| 05/22/08 | 8:53 | 17:41 | M | | | | | | | | | | 08:48 |
| 05/23/08 | 9:06 | 10:30 | M | | | | | | | | | | 01:24 |
| 05/24/08 | 9:50 | 17:02 | M | | | | | | | | | | 07:12 |

**Subtotal Week of:   05/18/08**

| | |
|---|---|
| Total: | 44:17 |
| Regular: | 40:00 |
| Overtime: | 04:17 |

# EXHIBIT B

DO NOT ACCEPT THIS CHECK without confirming presence of Artificial Watermark on back. Other security features are listed on back.

Voorthuis Opticians Inc.
7475 Wisconsin Avenue
Suite 700
Bethesda, MD 20814

Direct Deposit Advice
Check Date          Voucher Number
May 16, 2008                  106528

***This is not a check***

Direct Deposit Voucher

4040 000602   350 106528 24
Gary H. Knutson
1826 13th Street NW #3
Washington, DC 20009

VOID

---

## Gary H. Knutson

### Voorthuis Opticians Inc.
7475 Wisconsin Avenue - Suite 700 - Bethesda, MD 20814

### Earnings Statement

| | | Fed Taxable Income | | 1351.15 | Check Date: | May 16, 2008 | Voucher Number | | 106528 |
| Emp Id | 350 | Fed Filing Status | | S/1 | Period Beginning: | May 05, 2008 | Net Pay | | 1,032.31 |
| Location | 000602 | State Filing Status | | S/1 | Period Ending: | May 18, 2008 | Check Amount | | |

| Earnings | Hours | Amount | YTD Amt | Taxes/Deds | Taxable | Amount | YTD Amt | Direct Deposits | Account | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| REG | 80.00 | 1280.00 | 3840.00 | MED | 1351.15 | 19.59 | 58.83 | 054001220 | xxxxxxxxx4826 | 1032.31 |
| BONS2 | | 184.00 | 202.00 | SS | 1351.15 | 83.77 | 251.54 | Total Direct Deposits | | 1032.31 |
| BONUS | | | 128.00 | FITW S/1 | 1351.15 | 152.48 | 458.00 | | | |
| Total Gross Pay | 80.00 | 1464.00 | 4170.00 | DC S/1 | 1351.15 | 63.00 | 190.00 | | | |
| | | | | FH125 | | 112.85 | 112.85 | | | |
| | | | | Total Withholding | | 431.69 | 1071.22 | | | |

| Accruals | Dollars |
|---|---|

| Benefits | Amount | YTD Amt |
|---|---|---|